UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>VERTAFORE, INC.,<br><br>　　　　　　　　　Defendant. | No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Companion Property and Casualty Insurance Company ("Companion") brings this Complaint against Vertafore, Inc. ("Vertafore") and states and alleges as follows:

**I.　　PARTIES**

1.　　Plaintiff Companion is a corporation duly organized and in good standing under the laws of South Carolina and maintains its principal place of business in South Carolina.

2.　　Vertafore is a corporation organized in the state of Delaware with is principal place of business in Washington providing software and services to insurance agents, brokers, carriers and reinsurers.

**II.　　JURISDICTION AND VENUE**

3.　　This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332 and 1338(a). The amount in controversy exceeds $75,000, exclusive of interest and costs.

COMPLAINT - 1

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Vertafore maintains its principal place of business in this district, is subject to personal jurisdiction here, and a substantial part of the events giving rise to the claim occurred here.

### III.     NATURE OF THE ACTION

5.      This action by Plaintiff Companion seeks damages and injunctive relief for Vertafore's intentional and/or negligent and unauthorized promotion and sale of Companion's insurance program through Vertafore's software and internet site(s). Companion seeks damages and injunctive relief for Vertafore's aiding and abetting fiduciary duty breaches by Companion's fiduciary Robert B. Moreno, Sr. d/b/a RMIS Insurance Services ("Moreno"), civil conspiracies with Moreno; and under Section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a), for false designation of origin and false advertising; Washington's Trademark Laws, RCW 19.77.010 et seq.; the Washington Consumer Protection Act, RCW 19.86.020, and the Washington common law of unfair competition including but not limited to intentional interference with business relations.

### IV.     FACTUAL ALLEGATIONS

6.      Vertafore commercially markets and sells a software and web product known as the FSC Rater® to insurance agents and brokers in Arizona, California, and Nevada.

7.      Vertafore's FSC Rater® is a commercial tool, and Vertafore claims that the FSC Rater® has been built with "a single purpose in mind: to enhance an agency's value in the marketplace." Vertafore does not make the FSC Rater® available to the general public. Instead, Vertafore offers the FSC Rater® to agents and brokers and charges those agents and brokers who choose to buy this tool a subscription fee. Vertafore updates the FSC Rater® twice each month, and it charges agents and brokers monthly for those downloads. If an agent or broker fails to pay the subscription for the download, he or she loses access to the FSC Rater®.

8.      In addition to the subscription fees paid by agents and brokers, Vertafore earns income from insurers who have paid a fee in exchange for the Vertafore advertising and

COMPLAINT - 2

promoting their insurance products on the FSC Rater®. Upon information and belief, all or most of the insurance programs advertised and promoted on the FSC Rater® are listed on the FSC Rater® because the insurer paid a fee, currently $1,500.00 in the California private passenger auto line, to appear on the FSC Rater®. The FSC Rater® does not provide program information about or enable the submission of policy applications for all of the private passenger auto lines offered by insurers in California.

9. The FSC Rater® allows its subscribing agents and brokers to track and monitor their sales activity, to generate marketing letters to prospects, and to compare the rates, coverages, and installments options of the insurance programs listed on its software.

10. FSC Rater® does not just generate a list of comparative rates. Through the FSC Rater® and its "carrier bridges," Vertafore enables agents and brokers to directly integrate with certain carrier and agency management systems and transfer data to the carrier (or its managing agent) for automatic policy submission.

12. Robert Moreno Sr. is a managing general agent, or "MGA", who sells insurance programs for insurers through his network of brokers in California. Moreno does business as. (Robert Moreno Sr., RMIS and Robert Moreno Insurance Services are collectively referred to herein as "Moreno".)

13. Effective April 1, 2011, Companion and Moreno entered into an Agency Agreement (Exhibit 1), authorizing Moreno to act as Companion's agent and fiduciary in selling a limited amount of Companion's private passenger auto insurance in California, subject to Moreno's fiduciary duties to Companion and Moreno's compliance with Companion's instructions and directions (the "Program").

14. Moreno paid Vertafore to promote and advertise the Program through the FSC Rater®. In addition to promoting and advertising the Program, Vertafore enabled brokers and agents to submit applications for Companion's policies directly and automatically to Moreno.

15. Moreno listed the Program on the FSC Rater® as "RMIS Companion" and "RMIS Companion Gold," and Moreno has marketed the Program in California through the

COMPLAINT - 3

FSC Rater® and on Vertafore's websites under these names. In fact, "RMIS" is not an insurer or a person/entity entitled to accept insurance risk in California. The policies under the Program are written on Companion's paper.

16. Vertafore has allowed and profited from Moreno promoting, advertising, and accepting applications for Companion's policies directly through the FSC Rater® for the Program since approximately June of 2011.

17. The Program has generated significant losses and performed far worse than Moreno projected to Companion, and it has experienced phenomenal premium growth well over Moreno's premium limits, Companion's instructions, and the intent of the parties to the Program. Additionally, the Program's reinsurer has failed to perform its reinsurance obligations and is no longer participating in the Program, placing Companion directly at risk for the Program's results.

18. In September of 2012, Companion determined that the primary reason for the excessive growth of the Program beyond the contractual premium limits, which are required by both South Carolina and California law, was Moreno's ongoing promotion of the Program through the FSC Rater®.

18. In September of 2012, Companion had discussions with Moreno about removing the Program from the FSC Rater®. Moreno resisted this request.

19. On October 1, 2012, Companion formally instructed and directed Moreno in writing to remove the Program from the FSC Rater® and withdrew any consent for Moreno to continue to use Companion's name in connection with the FSC Rater® (Exhibit 2.) Paragraph 36 of the Agency Agreement forbids Moreno from using Companion's name in any publication or statement without Companion's written consent. To the extent Moreno had Companion's prior consent, written or otherwise, to list Companion in the FSC Rater®, Moreno's ongoing promotion and advertising of the Program through the FSC Rater® is in violation of the Agency Agreement and Moreno's fiduciary duties.

COMPLAINT - 4

20.     On October 1, 2012, Companion further advised Moreno that he was in breach of the Agency Agreement and his fiduciary duties, in part by comingling Companion's trust funds, underreporting written premium to Companion, exceeding the Program's premium caps, and failing to fully cooperate in audits. Therefore, pursuant to Art. XI, par. 47 and 50 of the Agency Agreement (a provision required in all MGA contracts under both South Carolina and California law), Companion suspended all of Moreno's authority pending the resolution of the dispute between Moreno and Companion.

21.     Later that same day, Companion filed an action against Moreno in the United States District Court for the District of South Carolina, Civil Action No.: 3:12-2843-CMC, alleging numerous material breaches of the Agency Agreement and breaches of fiduciary duty. That action is currently pending.

22.     Despite Companion's written directions and instructions and in breach of his fiduciary duty, Moreno has not removed Companion's name and program from the FSC Rater®.

23.     Moreover, despite the suspension of his authority, Moreno continues to write new policies on Companion's paper. Vertafore's FSC Rater® remains the primary, if not exclusive, tool Moreno uses to accomplish both the solicitation of new Companion policies and to receive and process new applications for Companion policies.

24.     Vertafore's provision of the "bridge" to Moreno is directly causing the public to interact with Companion through Moreno and compelling Companion to write additional policies through Moreno even though Companion has suspended all of Moreno's authority.

25.     After initiating its lawsuit against Moreno, Companion contacted Vertafore to advise it of Moreno's suspension of authority and of Companion's withdrawal of any consent for Moreno or Vertafore to continue to use Companion's name or program information on the FSC Rater®.

26.     On or about October 3, 2012, Mr. Gregory Hoeg of Companion spoke with Mr. Dan Cowman of Vertafore and advised him of Companion's dispute with Mr. Moreno, its

COMPLAINT - 5

intent to remove the Program from the FSC Rater®, and its need to prevent Mr. Moreno from receiving applications through the FSC Rater®. Mr. Cowman stated that Vertafore would remove the Program by October 15, 2012.

27. On or about October 4, 2012, Mr. Jay Cogswell of Companion had a follow up conversation with Mr. Aaron Hickman of Vertafore and reiterated these matters and renewed Companion's demand to be removed from the FSC Rater® by October 15, 2012.

28. On or about October 5, 2012, Companion, by and through counsel, transmitted a written cease and desist letter to Vertafore. (Exhibit 3). In that letter, Companion demanded the immediate removal of the Program from the FSC Rater®. Companion further explained as follows:

> As you know, Mr. Moreno is the fiduciary and agent of Companion. His only authority to act with respect to Companion or its programs is in an agency capacity. As Mr. Moreno's principal, Companion hereby reiterates to you that Mr. Moreno has no authority to use Companion's name in any advertising or promotional tool, including Vertafore's FSC-Rater, without Companion's prior written consent.
>
> Moreover, Companion hereby reiterates to you that Mr. Moreno has no authority to use Companion's intellectual property in any manner without Companion's consent.

Companion further notified Vertafore and directed it to take action as follows:

> Neither Vertafore nor Mr. Moreno possesses consent from Companion authorizing Vertafore's use. Companion hereby reiterates to Vertafore that it has no authority to use, in any manner, Companion's intellectual property or to include the Program on its FSC-Rater. Companion's October 5, 2012 letter concluded, Companion hereby instructs you that Vertafore's ongoing commercial use of Companion's name, in connection with the "RMIS Companion" Programs, impedes upon and is in violation of Companion's intellectual property rights, and Vertafore's use must cease. As Companion's agent, Mr. Moreno lacks any authority to contradict this instruction. Therefore, Companion expects that Vertafore will comply with Mr. Cowman's prior commitment and remove, by October 15, 2012, any mention of the "RMIS Companion" Programs from its FSC Rater.
>
> Please confirm with Jay Cogswell at Companion by 3:00 p.m. EST on Tuesday, October 9, 2012, Vertafore's intent to comply with this instruction, and please advise Mr. Cogswell once Vertafore has removed Companion's "RMIS Companion" Programs from its FSC-Rater.

COMPLAINT - 6

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

999999.0001/5561101.1

29. Upon information and belief, beginning on or after October 3, 2012, Vertafore began communicating with and acting in concert with Moreno to keep Companion's name and Program on the FSC Rater® irrespective of Companion's instructions to the contrary.

30. On or about October 9, 2012, Companion had a telephone conversation with Gail Bennett, Assistant General Counsel of Vertafore, wherein Companion again advised Vertafore of Moreno's suspension and Companion's withdrawal of any consent for either Moreno or Vertafore to continue to commercially exploit Companion's name and Program.

31. In response to her communication with Companion, Gail Bennett initially advised Companion that Vertafore would remove the Program from the FSC Rater® by October 15, 2012.

32. Subsequently, after communicating and determining to act in concert with Moreno, Gail Bennett sent a letter dated October 10, 2012 again withdrawing Vertafore's agreement to remove the Program off the FSC Rater®.

33. Vertafore has aided, abetted, and cooperated with Moreno's malfeasance by refusing to remove the Program from the FSC Rater® and by continuing to provide Moreno the "bridge" whereby he solicits, receives, and processes applications for Companion insurance from California drivers even after receiving notice of Companion's suspension of Moreno. Moreover, Vertafore continues to commercially exploit Companion's name and program information on its software and websites without Companion's permission and in a manner that misleads the public.

34. As a result of Vertafore's refusal to comply with Companion's advisements and instructions and instead determining to continue, in concert with Moreno, the commercial exploitation of Companion's name and Program information through the FSC Rater®, thousands of additional Companion policies have been issued though the FSC Rater® by Moreno, resulting in millions of dollars of liability and losses for Companion.

COMPLAINT - 7

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

999999.0001/5561101.1

## V.     CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF: AIDING AND ABETTING BREACHES OF FIDUCIARY DUTY

35. Companion repeats and incorporates by reference the allegations in the preceding paragraphs.

36. Vertafore has, at all pertinent times, known of Moreno's status as Companion fiduciary.

37. Vertafore has, since October 3, 2012, known that Companion has asserted that Moreno is in breach of his fiduciary duties to Companion.

38. Notwithstanding this knowledge, Vertafore has actively encouraged, aided, and sanctioned the breaches of fiduciary duty and the Agency Agreement by conspiring with Moreno to subvert the Agency Agreement, and falsely promoting and advertising and designating the origin of the Program on its FSC Rater®, contrary to intellectual property laws as more fully alleged below, and then contrary to Companion's explicit instructions. Vertafore's acts constitute aiding and abetting breaches of fiduciary duty.

39. As a result of Vertafore's conduct, Companion has suffered substantial economic loss, its customer and regulatory relationships have been damaged, and Companion has been forced to spend substantial sums to address resulting damage to its goodwill.

40. Companion is entitled to a judgment against Vertafore, for direct and consequential damages, for injunctive relief, attorneys' fees and costs.

### SECOND CLAIM FOR RELIEF: FALSE DESIGNATION OF ORIGIN (LANHAM ACT, § 43(a))

41. Companion repeats and incorporates by reference the allegations in the preceding paragraphs.

42. In violation of 15 U.S.C. § 1125(a) (Lanham Act, § 43(a)), Vertafore has used Companion's trademarks in commerce on websites, advertising, promotion and other media.

43. Furthermore, Vertafore has inappropriately combined Companion's trademarks

COMPLAINT - 8

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

999999.0001/5561101.1

with that of a third party intentionally giving the impression that Companion is endorsing or working in connection with such third party or that such third party is a licensed insurer.

44. In violation of 15 U.S.C. § 1125(a) (Lanham Act, § 43(a)), Vertafore's willful use of Companion's trademarks absent license or other consent from Companion is likely to cause confusion, mistake or deception as to the affiliation, connection, association, origin, sponsorship or consent of Companion's services.

45. Vertafore's wrongful conduct was willful and malicious because Vertafore knew or should have known that Moreno required Companion's consent to continue to use Companion's name in any promotional source and because Companion explicitly advised Vertafore that Moreno lacked consent, written or otherwise, to list Companion in the FSC Rater®.

46. As a result of this Lanham Act violation, Companion is suffering substantial economic loss and irreparable injury to its goodwill, reputation, business, and property and will continue to suffer such irreparable injury unless and until the defendants are enjoined from listing the Program in the FSC Rater®.

47. Companion is further entitled to recover damages sustained in consequence of Vertafore's wrongful conduct, in an amount to be determined, and to recover its attorneys' fees and costs herein.

### THIRD CLAIM FOR RELIEF: VIOLATION OF WASHINGTON STATE TRADEMARK LAW, RCW 19.77.140

48. Companion repeats and incorporates by reference the allegations in the preceding paragraphs.

49. Companion owns the exclusive trademark rights and privileges in and to the Companion trademarks.

50. Vertafore is violating RCW 19.77.140 by using Companion's trademarks in commerce on websites, advertising, promotion and other media, in connection with the sale and

COMPLAINT - 9

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

999999.0001/5561101.1

distribution of goods and services, in a manner that is likely to cause confusion or mistake or to deceive as to the source or origin of such goods and services.

51. Actual confusion has already occurred as a result of Vertafore's unauthorized use of Companion's trademarks as Moreno has issued and continues to issue new Companion policies through the FSC Rater®.

52. Vertafore's wrongful conduct was willful and malicious because Vertafore knew or should have known that Moreno required Companion's consent to use Companion's name in any promotional source and because Companion explicitly advised Vertafore that Moreno lacked consent, written or otherwise, to list Companion in the FSC Rater®.

53. As a result of this trademark law violation, Companion is suffering substantial economic loss and irreparable injury to its goodwill, reputation, business, and property and will continue to suffer such irreparable injury unless and until the defendants are enjoined from listing the Program in the FSC Rater®.

54. Companion is further entitled to recover damages sustained in consequence of Vertafore's wrongful conduct, in an amount to be determined, and to recover its attorneys' fees and costs herein.

### FOURTH CLAIM FOR RELIEF: FALSE ADVERTISING (LANHAM ACT, § 43(a))

55. Companion repeats and incorporates by reference the allegations in the preceding paragraphs.

56. Vertafore's actions conspiring with Moreno to subvert the Agency Agreement and falsely advertising the Program on its FSC Rater® contrary to Companion's explicit instructions, thereby impugning Companion's business ethics, reputation and integrity, unlawfully damaging Companion's business and improperly interfering with its customer relationships, constitute false advertising under Section 43(a) of the federal Lanham Act, 15 U.S.C. § 1125(a).

COMPLAINT - 10

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

999999.0001/5561101.1

57.     In addition to Vertafore's direct economic interest in aiding and abetting Moreno's breaches of contract and breaches of fiduciary duties and other malfeasance, Vertafore, by its wrongful acts, is promoting the interests of carriers who directly compete with Companion as an agent of those Companion competitors in order to promote their product lines. Vertafore's false advertising thus constitutes actionable commercial speech under the Lanham Act.

58.     Companion has been harmed by Vertafore's false and/or misleading claims about the Program made in order to promote the interests of Moreno and Companion's competitors.

59.     As a result of Vertafore's conduct, Companion has suffered substantial economic loss, and its customer and regulatory relationships have been damaged and Companion has been forced to spend substantial sums to address resulting damage to its goodwill.  Companion is entitled to a judgment against Vertafore, for direct and consequential damages, for injunctive relief, attorneys' fees and costs.

### FIFTH CLAIM FOR RELIEF:  UNFAIR COMPETITION UNDER THE WASHINGTON CPA

60.     Companion repeats and incorporates by reference the allegations in the preceding paragraphs.

61.     Vertafore's acts constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce as defined in the Washington Consumer Protection Act, RCW 19.86 et seq.  RCW  19.86.020. By its conduct, Vertafore has committed an unfair or deceptive act, the act occurred in the conduct of trade or commerce; the act has an impact on the public interest, inasmuch as Washington law is that the business of insurance ipso facto affects the public interest, and Companion and its customers have been substantially injured by Vertafore's acts.

62.     As a result of Vertafore's conduct, Companion has suffered substantial economic loss, and its customer and regulatory relationships have been damaged and

COMPLAINT - 11

Companion has been forced to spend substantial sums to address resulting damage to its goodwill. Companion is entitled to a judgment against Vertafore, for direct and consequential damages, for injunctive relief, attorneys' fees and costs.

### SIXTH CLAIM FOR RELIEF:  TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

63. Companion repeats and incorporates by reference the allegations in the preceding paragraphs.

64. Vertafore's actions conspiring with Moreno to subvert the Agency Agreement and falsely advertising the Program on its FSC Rater® contrary to intellectual property laws, and then contrary to Companion's explicit instructions, have unlawfully damaged Companion's business and improperly interfered with its contractual relationships with Moreno and Companion's customer relationships.  Vertafore's acts constitute intentional interference with business relationships under Washington law.

65. As a result of Vertafore's conduct, Companion has suffered substantial economic loss, and its customer and regulatory relationships have been damaged and Companion has been forced to spend substantial sums to address resulting damage to its goodwill and has lost substantial profits that it otherwise would have captured. Companion is entitled to a judgment against Vertafore, for direct and consequential damages, for injunctive relief, attorneys' fees and costs.

### SEVENTH CLAIM FOR RELIEF:  CIVIL CONSPIRACY

66. Companion repeats and realleges the preceding paragraphs as if fully set forth herein.

67. Vertafore and Moreno combined and conspired with one another to cause economic harm to Companion and to injure Companion's reputation and goodwill in the manner discussed in the preceding paragraphs.

68. Because Vertafore's and Moreno's actions involved the tortious and unlawful actions discussed above, their concerted actions were unlawful in their purpose and execution.

COMPLAINT - 12

69. Accordingly, Companion is entitled to a judgment against Vertafore, for direct and consequential damages, for injunctive relief, attorneys' fees and costs.

### EIGHTH CLAIM FOR RELIEF:  NEGLIGENCE

70. Companion repeats and realleges the preceding paragraphs as if fully set forth herein.

71. In failing to comply with intellectual property laws before inserting the Program into its FSC Rater® and then refusing to comply with Companion's demands that Vertafore remove the Program from its FSC Rater®, Vertafore breached a duty owed to Companion to use that degree of care, skill, diligence and knowledge commonly possessed and exercised by any reasonable, careful and prudent similarly situated professional.

72. As a result of Vertafore's negligence, Companion has suffered substantial economic loss, and its customer and regulatory relationships have been damaged and Companion has been forced to spend substantial sums to address resulting damage to its goodwill. Companion is entitled to a judgment against Vertafore, for direct and consequential damages, for injunctive relief, attorneys' fees and costs.

### VI.     PRAYER FOR RELIEF

Companion prays for the following relief:

1. Direct and consequential damages in an amount to be proven at trial;

2. Appropriate injunctive relief in Companion's favor against Vertafore;

3. Treble damages under the Lanham Act and the Washington Consumer Protection Act;

4. In light of Vertafore's willful disregard of Companion's rights, this Court declare this to be an exceptional case and require Vertafore to pay to Companion the costs of this action, including reasonable attorney's fees, as provided by law, including but not limited to under the Lanham Act and the Washington Consumer Protection Act;

5. Interest; and

6. Such other and further relief as the Court determines is just and proper.

COMPLAINT - 13

1 **DEMAND FOR A JURY TRIAL**

2 Companion hereby demands a trial by jury on any and all issues so triable.

4 DATED:  December 21st, 2012

LANE POWELL PC

By: _____
Gwendolyn C. Payton, WSBA No. 2675
John R. Neeleman, WSBA No. 19752

Attorneys for Plaintiff Companion Property and Casualty Insurance Company

COMPLAINT - 14

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

999999.0001/5561101.1